UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MATTHEW D. AREMAN, ESQUIRE
MARKOWITZ & RICHMAN
123 South Broad Street, Suite 2020
Philadelphia, PA 19109
(215) 875-3100
    *Attorney for Plaintiffs, Trustees of the Cement Masons' Union*
        *Local 780 Benefit Funds*

| | |
|---|---|
| TRUSTEES OF THE CEMENT MASONS' UNION LOCAL 780 BENEFIT FUNDS<br>100 Merrick Road – Suite 500 West<br>Rockville Centre, NY  11570 | Civil Action No. _____<br><br>**COMPLAINT** |
|     Plaintiffs, | |
|     v. | |
| J.H. REID GENERAL CONTRACTOR<br>3230 Hamilton Boulevard<br>South Plainfield, NJ  07080 | |
|     Defendant. | |

    The plaintiffs, Trustees of the Cement Masons' Union Local 780 Benefit Funds, by and through their attorney, Matthew D. Areman of Markowitz & Richman, complaining of the defendant, J.H. Reid General Contractor, respectfully alleges:

**NATURE OF THE CLAIM**

1. This action is instituted by the Trustees of the Cement Masons' Union Local 780 Benefit Funds, pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145, to collect delinquent fringe benefit contributions and other monetary relief from J.H. Reid General Contractor. ("J.H. Reid").

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this court by ERISA Sections 502(a)(3), (e)(1) and (f), 29 U.S.C. §§1132(a)(3), (e)(1) and (f), and by the provisions of 28 U.S.C. § 1331, relating to any civil action or proceeding arising under the laws of the United States.

3. Venue is proper in this court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §§1132(e)(2), because the defendant has a principal place of business within the District of New Jersey.

## PARTIES

4. The Cement Masons' Union Local 780 Benefit Funds (collectively "Funds") consist of a Health & Welfare Trust Fund, a Pension Fund, an Apprenticeship Fund, a Vacation Fund and an Annuity Fund, which are all multi-employer benefit plans within the meaning of Sections 3(1), 3(2), 3(3), 3(37), and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(1), 1002(2), 1002(3), 1002(37) and 1132(d)(1).

5. The Funds receive and administer contributions from various employers/contractors, including J.H. Reid, for the purpose of providing pension, health and other fringe benefits for participants and their families.

6. The Funds' office is located at 100 Merrick Road – Suite 500 West, Rockville Centre, New York, 11570.

7. Plaintiffs, the Trustees of the Funds ("Trustees"), are fiduciaries authorized to bring this action on behalf of the Funds, their participants and beneficiaries pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

8. Defendant, J.H. Reid, is a New Jersey corporation and an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), with a principal place of business located at 3230 Hamilton Boulevard, South Plainfield, New Jersey, 07080.

9. J.H. Reid is a party in interest within the meaning of Section 3(14) of ERISA, 29 U.S.C. § 1002(14).

10. J.H. Reid is a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21).

11. Upon information and belief, no party to this action has filed for protection under the U.S. Bankruptcy Code during the time in which the action arose or thereafter.

## FACTUAL ALLEGATIONS

12. J.H. Reid employed Cement Masons who are participants in, and beneficiaries of, the Funds.

13. J.H. Reid is required to make timely contributions to the Funds for each of its employees who are participants in, and beneficiaries of, the Funds.

14. Participating employers who fail to make timely contributions to the Funds are subject to interest on the delinquent contribution amount; liquidated damages equal to 20% of the delinquent contribution amount; and audit fees equal to 10% of the delinquent contribution amount.

15. On April 1, 2017, the Funds' Administrator contacted J.H. Reid to advise the company that an independent auditor conducted an examination of J.H. Reid's payroll records and determined that J.H. Reid was delinquent in its contributions to the Funds in the amount of $94,170.27.

16. The Funds' April 1, 2017 letter demanded payment of the delinquent contributions in the amount of $57,549.83, plus interest in the amount of $19,105.49, liquidated damages in the amount of $11,509.97, and $6,004.98 in audit costs, for a total of $94,170.27.

17. To date, J.H. Reid has failed and/or refused make payment for its delinquent contributions and other costs owed to the Funds.

18. The outstanding amount owed to the Funds is $94,170.27, plus attorney's fees and costs.

## COUNT ONE
## VIOLATION OF ERISA

19. Paragraphs 1 through 18 of this Complaint are re-alleged as though fully set forth herein.

20. Section 515 of ERISA, 29 U.S.C. § 1145, requires that every employer who is obligated to make contributions to a multi-employer plan shall do so in accordance with the terms of such plan.

21. Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), provides that in any suit instituted for on or behalf of a multi-employer plan to enforce the payment of delinquent contributions, the Court shall, if judgment is entered in favor of the plan, award the plan: (a) the unpaid contributions, plus (b) interest on the unpaid contributions, plus (c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in amount not in excess of 20 percent (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court under subparagraph (a), plus (d) reasonable attorney's fees and costs of the suit, plus (e) such other legal or equitable relief as the court deems appropriate.

22. J.H. Reid's failure to make timely contributions to the Funds constitutes a violation of ERISA, subjecting J.H. Reid to liability for the unpaid contributions, plus interest, liquidated damages, attorney's fees, costs and other legal or equitable relief.

## COUNT TWO
## BREACH OF FIDUCIARY DUTY

23. Paragraphs 1 through 22 of this Complaint are re-alleged as though fully set forth herein.

24. Section 404(a) of ERISA, 29 U.S.C. § 1104(a), provides that fiduciaries shall discharge their duties with respect to an ERISA plan solely in the interest of the participants and the beneficiaries and for the exclusive purpose of providing benefits to the participants and their beneficiaries.

25. As a result of work performed on construction projects, J.H. Reid received money intended to cover the fringe benefits contributions for employees furnishing labor on those projects, but J.H. Reid was delinquent in its payment of those fringe benefit contributions to the Funds.

26. The failure on the part of J.H. Reid to pay the fringe benefit contributions to the Funds is a misuse of plan assets and constitutes a breach of the fiduciary duties owed by J.H. Reid to the participants and beneficiaries of the Funds.

27. As a result of the breach of its fiduciary duties, J.H. Reid is liable to the Funds, pursuant to Section 409 of ERISA, 29 U.S.C. § 1109, in an amount equal to any losses resulting from J.H. Reid's breach, and J.H. Reid must restore to the Funds any profits which were made through its use of the Funds' assets.

**WHEREFORE**, plaintiff respectfully requests that this honorable court grant the following relief:

(a) enter judgment in favor of the plaintiffs in the amount of $94,170.27, including unpaid contributions, interest, and liquidated damages, plus any additional amounts, including interest, that become due after the filing of this lawsuit;

(b) award the reasonable costs, auditor's fees, and attorneys' fees incurred by the plaintiffs in connection with this action;

(c) an Order directing J.H. Reid to provide the Funds' auditors access to its books and records in order that a determination may be made as to any additional outstanding delinquencies;

(d) an Order directing J.H. Reid to make any future contributions in a timely fashion; and

(e) such other legal, equitable, and remedial relief this court deems appropriate.

Respectfully submitted,

/s/   Matthew D. Areman
MATTHEW D. AREMAN, ESQUIRE
MARKOWITZ & RICHMAN
123 South Broad Street, Suite 2020
Philadelphia, PA 19109
Ph. (215) 875-3100
F.  (215) 790-0668
mareman@markowitzandrichman.com

*Attorney for Plaintiffs, Trustees of the*
*Cement Masons' Union*
*Local 780 Benefit Funds*

Dated:  August 2, 2018