# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRUSTEES OF THE CEMENT MASONS' UNION LOCAL 780 BENEFIT FUNDS,**<br><br>Plaintiff<br><br>v.<br><br>**J.H. REID GENERAL CONTRACTOR,**<br><br>Defendant. | Civ. No. 2:18-12361 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

**THIS MATTER** comes before the Court upon Plaintiff the Trustees of the Cement Masons' Union Local 780 Benefit Funds' Motion for Default Judgment, ECF No. [6] ("Motion"), filed on September 13, 2018. Defendant J.H. Reid General Contractor ("J.H. Reid" or "Defendant") has not responded to the Motion. For the reasons set forth below, Plaintiff's Motion is **GRANTED.**

## I. FACTUAL BACKGROUND

The Trustees of the Cement Masons' Union Local 780 Benefit Funds ("Local 780" or "Plaintiff") initially filed the complaint in this action, ECF No. [1] ("Complaint"), against J.H. Reid on August 2, 2018. ECF No. [1]. Plaintiff alleges that over the course of several years J.H. Reid employed cement masons of Local 780. *Id.* ¶ 12. Based on Local 780's collective bargaining agreement, J.H. Reid was required to make certain contributions to Local 780's multi-employer benefit plans under ERISA (collectively, the "Funds"). ECF No. [1] ¶¶ 4–5, 12–13. According to the Complaint, in 2017 Local 780's independent auditor concluded that J.H. Reid was delinquent as to certain required contributions. *Id.* ¶ 15. On April 1, 2017, Local 780 sent a letter to J.H. Reid demanding payment of the delinquent funds plus additional damages and interest, totaling $94,170.27. *Id.* To date, J.H. Reid has not cured any of the delinquent payments. *Id.* ¶ 17. Based on these facts, Local 780 brings claims against J.H. Reid for violations of ERISA and breach of fiduciary duty.

## II. THE INSTANT MOTION

After Local 780 served J.H. Reid on August 9, 2018, ECF No. [4], and J.H. Reid

failed to timely appear, respond, or otherwise defend this action, Plaintiff filed a request for entry of default by the Clerk of Court on September 4, 2018. ECF No. [5]. Default was entered the following day, and Plaintiff subsequently filed the instant Motion on September 13, 2018. ECF No. [6].

In the Motion, Plaintiff requests that the Court enter default judgment against Defendant in the amount of $97,939.77 comprised of delinquent contributions and statutory penalties, attorneys' fees, and costs as follows:

- $94,170.27 in unpaid contributions, interest, liquidated damages, and audit fees;
- $3,290.00 in attorneys' fees; and
- $479.50 in costs.

*Id.* at 7. Defendant has not responded to the Motion.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, a district court may enter default judgment against a party who has failed to plead or otherwise respond to the action filed against him. Fed. R. Civ. P. 55(b)(2). To obtain a default judgment, a plaintiff must first request entry of default by the Clerk of Court under Fed. R. Civ. P. 55(a). *Nationwide Mutual Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 Fed. App'x 519, 521 n.1 (3d Cir. 2006). Once default is entered, a plaintiff seeking default judgment must then file a motion with the district court requesting entry of default. *Id.*

A plaintiff, however, is not entitled to entry of default judgment as of right. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir.1984). Rather, entry of such a judgment is in the discretion of the district court. *Id.* First, the court must determine whether "the unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, No. 03–1969, 2006 WL 680533, at *1 (D.N.J. Mar.14, 2006) (citing CHARLES A. WRIGHT, 10A FEDERAL PRACTICE AND PROCEDURE § 2688, at 58–59, 63 (3d ed.1998)). If default judgment is permissible, then the court weighs three factors to determine whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *$55,518.85 in U.S. Currency*, 728 F.2d at 195). A district court accepts as true the complaint's allegations, except for those allegations as to the amount of damages. *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005); *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

### IV. DISCUSSION

#### A. Sufficiency of Service

As a threshold issue, the Court first determines whether the clerk's default was

properly entered against J.H. Reid. Plaintiff initially filed this action on August 2, 2018, and the affidavit of service demonstrates that service was effectuated upon Defendant on August 9, 2018 by serving a copy of the summons and complaint upon J.H. Reid's managing agent at its place of business. ECF Nos. [1] and [4]. Defendant failed to timely respond to the Complaint, and since the filing of this action no attorney has appeared on behalf of J.H. Reid. The Court finds that default was thus properly entered against J.H. Reid on September 5, 2018.

### B. Sufficiency of Plaintiff's Causes of Action

The Court next examines the sufficiency of Plaintiff's causes of action: Violation of ERISA (Count I) and Breach of Fiduciary Duty (Count II). *See* ECF No. [1] at 4, 5. "Under ERISA, an employer who is obligated to contribute to a plan under the terms of a collective bargaining agreement must make such contributions in accordance with the terms and conditions of that agreement." *New Jersey Bldg. Laborers' Statewide Pension Fund & Trustees Thereof v. Pulaski Const.*, No. CIV.A. 13-519 JAP, 2014 WL 793563, at *2 (D.N.J. Feb. 26, 2014) (citing 29 U.S.C. § 1145). An employer who fails to make such contributions may be sued by the plans' fiduciary. 29 U.S.C. § 1145. If judgment is entered in favor of the plan, the Court shall award the unpaid contributions, interest on the unpaid contributions, an amount equal to the greater of the interest on the unpaid contributions, or liquidated damages provided for under the plan in an amount not more than 20 percent, and attorney's fees and costs. ERISA Section 502(g), 29 U.S.C. § 1132(g)(2).

Plaintiff alleges that Defendant violated ERISA by failing to make timely contributions to the Funds. ECF No. [1] ¶ 22. Defendant employed Local 780 cement masons that were beneficiaries of the Funds and J.H. Reid was required to make contributions to the Funds. *Id.* ¶¶ 12–17. An audit of the Funds determined that J.H. Reid was delinquent in the amount of $57,549.83. *Id.* ¶ 16; ECF No. [6-2]. Local 780 contacted J.H. Reid to cure the delinquent contributions, and to date, J.H. Reid has failed to do so. ECF No. [1] ¶¶ 16–17. Taking the factual allegations in the Complaint as admitted as the Court must on default judgment, the Court finds that Plaintiff has sufficiently alleged a cause of action for violations of ERISA and default judgment is permissible on Count I.

As to Count II, breach of fiduciary duty, Plaintiff alleges that Defendant is a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21), that Defendant received certain monies intended to cover the benefits contributions for Local 780, and that Defendant failed to provide these monies to the Funds, thereby misusing plan assets in breach of J.H. Reid's fiduciary duty to the plan. ECF No. [1] ¶¶ 25–27.

Default judgment for breach of fiduciary duty is only permissible if Plaintiff has alleged a legitimate cause of action. *Hritz*, 732 F.2d at 1180. To state a claim for breach fiduciary duty, Plaintiff must, among other elements, allege that Defendant is a fiduciary. *Hritz*, 732 F.2d at 1180. "ERISA defines fiduciary not in terms of formal trusteeship, but in functional terms of control and authority over the plan." *Srein v. Frankford Tr. Co.*,

3

323 F.3d 214, 220–21 (3d Cir. 2003)(quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262 (1993)). Specifically, under Section 3(21)(A),

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

*Id.* "Thus the key element of fiduciary status under ERISA is discretionary authority or control over ERISA plan management or assets." *Trs. of I.A.M. Dist. No. 15 Health Fund v. Operant Material Sols. of N.Y. N.J LLC*, No. CIV.A. 07-4262 (HAA), 2008 WL 4601792, at *4 (D.N.J. Oct. 15, 2008) (citing *Srein*, 323 F.3d at 220–21).

Beyond Plaintiff's conclusory allegation that Defendant is a fiduciary under Section 3(21)(A), the Complaint is devoid of any other facts demonstrating Defendant is a fiduciary under ERISA. *See* ECF No. [1] ¶ 10. While Defendant held certain funds that it was required to remit to the Funds under the collective bargaining agreement, the Complaint does not allege that Defendant held any discretionary authority or control over these plan assets sufficient to meet the definition of a fiduciary under Section 3(21)(A). Moreover, the brief in support of the Motion does not contain any arguments in support of default judgment as to Count II, but rather limits any argument to default judgment based on Count I. *See* ECF No. [6-3]. Accordingly, the Court finds entry of default judgment on the breach of fiduciary duty claim inappropriate.

### C. Factors in Support of Default on the Violation of ERISA Claim

Having found Plaintiff only entitled to default judgment on Count I, the Court now weighs the *Chamberlin* factors to determine if default judgment is appropriate. *Chamberlain*, 210 F.3d at 164. As to prejudice, Plaintiff has diligently pursued this matter and promptly served Defendant, yet Defendant has failed to appear or defend in any fashion. *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, No. CIV. 11-624 JBS/JS, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011). In failing to defend, J.H. Reid has deprived Plaintiff of the opportunity to litigate this matter, and continued delay of entry of judgment could prejudice Plaintiff's ability to pay its beneficiaries. *Trustees of New Jersey B.A.C. Health Fund v. Thurston F. Rhodes, Inc.*, No. CV 16-892 (RMB/AMD), 2017 WL 3420912, at *3 (D.N.J. Aug. 9, 2017). The Court thus finds that Plaintiff would be prejudiced if default judgment was not entered in its favor.

The second *Chamberlin* factor, whether Defendant has articulated a meritorious

defense, also supports entry of default judgment. "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863, 869–70 (3d Cir.1984). Here, however, Defendant has not responded to the Complaint nor the instant motion, and the "Court has no duty to construct a defense for Defendant." *New Jersey Bldg. Laborers' Statewide Pension Fund & Trustees Thereof v. Pulaski Const.*, No. CIV.A. 13-519 JAP, 2014 WL 793563, at *3 (D.N.J. Feb. 26, 2014) (citation omitted). Accordingly, the Court finds that no obvious meritorious defense requires denial of the Motion.

Finally, as to the third *Chamberlin* factor, whether defendant's delay is due to "culpable conduct," *Chamberlin*, 210 F.3d at 164, "conduct is deemed culpable when it is willful or in bad faith. *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123 (3d Cir.1983). When a plaintiff provides proof of service of both the complaint and the motion for default judgment, a defendant is deemed to be aware of the action and a court may find that defendant's failure to respond derives from defendant's culpable conduct. *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir. 2006). Here, the record demonstrates that Plaintiff properly served Defendant with both the Complaint and this Motion, and there is no evidence in the record that Defendant's failure to respond is the result of anything but its own culpable conduct. *New Jersey Bldg. Laborers' Statewide Pension Fund & Trustees Thereof v. Pulaski Const.*, No. CIV.A. 13-519 JAP, 2014 WL 793563, at *4 (D.N.J. Feb. 26, 2014). Accordingly, based on the analysis of all three *Chamberlin* factors, the Court finds that default judgment as to Count I is appropriate.

### D. Damages

If a court enters judgment in favor of the plan fiduciary, ERISA requires the court to award statutory damages as provided in Section 502(g)(2). *N.J. Bldg. Laborers' Statewide Pension Fund & Trs. Thereof v. Pulaski Const.*, No. CIV.A. 13-519 JAP, 2014 WL 793563, at *2 (D.N.J. Feb. 26, 2014) (citing *Laborers Int'l Union of N. Am. Local No. 199 Welfare, Pension, Apprenticeship & Training, Annuity & Laborers-Emp'rs Co-op. Educ. Tr. Funds of Del., Inc. v. Ramco Sols.*, No. CIV. 11-4976 RBK/JS, 2013 WL 4517935, at *4 (D.N.J. Aug. 26, 2013)). Specifically, that section states that the Court shall award the plan:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of--(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C.A. § 1132(g)(2).

Plaintiff states that pursuant to the collective bargaining agreement Defendant owes $57,549,83 in delinquent contributions, $19,105.49 in interest calculated at a rate of 10% per annum, liquidated damages of $11,509.97, and $6,004.98 in audit costs. *See* ECF No. [6-2]. In addition, Plaintiff seeks attorneys' fees for 9.4 hours of work at a rate of $350.00 per hour and costs in the amount of $479.50.

While the Court deems the factual allegations contained in the Complaint as admitted, allegations regarding damages are not afforded such an assumption and the Court must examine the proof supplied by Plaintiff prior to entry of judgment. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). In support of the requested damage amount, Plaintiff has supplied the Court with an auditor's report that calculates the amounts owed under the collective bargaining agreement, a demand letter sent to Defendant that cites these amounts, and an attorney affidavit averring that each amount sought is due under the collective bargaining agreement and ERISA. *See* ECF No. [6-2].

The accounting provided demonstrates that Plaintiff is owed $57,549.83 in delinquent contributions. *Id.* The auditor's analysis further determined that $19,105.49 was due in interest from the date of underpayment through January 31, 2017. The accounting includes liquidated damages of $11,509.97 and $6,004.98 in audit costs. Based on the documents provided, the Court is satisfied that Plaintiff has met its burden on default judgment. The Court will enter judgment in the amount of $94,170.27.

Plaintiff also requests an award of attorneys' fees and costs in the amount of $3,290.00 for 9.40 hours of work at a rate of $350.00 and costs in the amount of $479.50. *See* ECF No. [6-2] ¶ 21. The Court finds the requested fees reasonable and necessary based the record in this case in accordance Local Civil Rules 54.1 and 54.2. Accordingly, the request for $3,290.00 in attorneys' fees and $479.50 in costs is granted.

## V. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment is **GRANTED**. Default judgment shall be entered against Defendant J.H. Reid as to Count I in the amount of $97,939.77. An appropriate order follows.

Dated: December 17, 2018

                                            */s/ William J. Martini*
                                         **WILLIAM J. MARTINI, U.S.D.J.**